## THE HENRIETTA MILLS *v.* RUTHERFORD COUNTY, NORTH CAROLINA, ET AL.

No. 270. Argued March 5, 1930.—Decided April 14, 1930.

*Mr. Willis Smith,* with whom *Messrs. Murray Allen* and *W. T. Joyner* were on the brief, for petitioner.

*Mr. Clyde R. Hoey,* with whom *Messrs. Fred D. Hamrick, N. C. Harris,* and *J. S. Dockery* were on the brief, for respondents.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The Henrietta Mills, a corporation of North Carolina, brought this suit in the District Court of the United States to enjoin Rutherford County, in that State, from collecting a tax upon the property of the corporation for the year 1927, or for any subsequent year, based upon any valuation in excess of sixty per cent. of the actual and fair market value. It was alleged that the enforcement of such a tax would deprive the corporation of its property without due process of law and deny the equal protection of the laws in violation of the Fourteenth Amendment of the Federal Constitution.

The bill of complaint charged that the actual value, in the sense of the applicable statutory provision of the State, of the property of the corporation in Rutherford

County on May 1, 1927, did not exceed $1,887,352, but that the property was actually assessed at $2,637,819. The corporation complained to the County Commissioners, as the constituted Board of Equalization and Review, but the board declined to pass upon the questions presented. The corporation then appealed to the State Board of Assessment which, after hearing, reduced the assessment by the sum of $275,000 and fixed the value of the property at $2,362,819. The bill alleged that the tax officials of the county, and of the State, had intentionally and arbitrarily valued the complainant's property greatly in excess of its true value, while at the same time they had fixed the value of all other assessable property within the county at only sixty per cent. of its true value; that the assessment of complainant's property should have been reduced in like proportion, that is, to $1,132,411.20; and that the complainant had paid to the county a sum which would be equal to the tax if laid upon such a valuation.

The answer denied that there had been any arbitrary and intentional overvaluation, or any unlawful discrimination against the complainant, and alleged that the complainant had an adequate remedy at law.

The District Court decided against the complainant upon both these grounds and dismissed the bill of complaint. The decree was affirmed by the Circuit Court of Appeals. 32 F. (2d) 570.

Section 16 of the Judiciary Act of 1789 (1 Stat. 82) provided " That suits in equity shall not be sustained in either of the courts of the United States, in any case where a plain, adequate and complete remedy may be had at law." This explicit prohibition, continued in section 723 of the Revised Statutes and section 267 of the Judicial Code (U. S. C., Tit. 28, sec. 384), has clear application to proceedings to enjoin the collection of taxes upon the ground that they are illegal or unconstitutional. It must

appear that the enforcement of the tax would cause irreparable injury, or that there are other special circumstances bringing the case under some recognized head of equity jurisdiction, before the aid of a Federal court of equity can be invoked. The mere fact that the validity of the tax may be tested more conveniently by a bill in equity than by an action at law does not justify resort to the former.[1]

In the present case, a distinction is sought to be taken upon the ground that a statute of North Carolina gives a right to proceed in equity, and it is argued that a similar right should be recognized by the Federal court. Section 7979 of the Consolidated Statutes of North Carolina provides:

" Unless a tax or assessment, or some part thereof, be illegal or invalid, or be levied or assessed for an illegal or unauthorized purpose, no injunction shall be granted by any court or judge to restrain the collection thereof in whole or in part, nor to restrain the sale of any property for the non payment thereof; nor shall any court issue any order in claim and delivery proceedings or otherwise for the taking of any personalty levied on by the sheriff to enforce payment of such tax or assessment against the

[1] *Dows* v. *City of Chicago*, 11 Wall. 108, 112; *Union Pacific Railway Company* v. *Cheyenne*, 113 U. S. 516, 525; *Shelton* v. *Platt*, 139 U. S. 591, 594; *Pittsburgh, etc., Railway* v. *Board of Public Works*, 172 U. S. 32, 37; *Arkansas Building and Loan Association* v. *Madden*, 175 U. S. 269, 274; *Cruickshank* v. *Bidwell*, 176 U. S. 73, 80, 81; *Indiana Manufacturing Company* v. *Koehne*, 188 U. S. 681, 684; *Boise Artesian Water Company* v. *Boise City*, 213 U. S. 276, 281, 282; *Singer Sewing Machine Company* v. *Benedict*, 229 U. S. 481, 485; *Dalton Adding Machine Company* v. *State Corporation Commission*, 236 U. S. 699, 701; *Union Pacific Railroad Company* v. *Weld County*, 247 U. S. 282, 285; *Keokuk Bridge Company* v. *Salm*, 258 U. S. 122, 125; *Risty* v. *Chicago, R. I. & P. Railway Company*, 270 U. S. 378, 388.

owner thereof. Whenever any person shall claim to have a valid defense to the enforcement of a tax or assessment charged or assessed upon his property or poll, such person shall pay such tax or assessment to the sheriff; but if, at the time of such payment, he shall notify the sheriff in writing that he pays the same under protest, such payment shall be without prejudice to any defenses or rights he may have in the premises, and he may, at any time within thirty days after such payment, demand the same in writing from the treasurer of the state or of the county, city, or town, for the benefit or under the authority or by request of which the same was levied; and if the same shall not be refunded within ninety days thereafter, may sue such county, city, or town for the amount so demanded, including in his action against the county both state and county tax; and if upon the trial it shall be determined that such tax or any part thereof was levied or assessed for an illegal or unauthorized purpose, or was for any reason invalid or excessive, judgment shall be rendered therefor, with interest, and the same shall be collected as in other cases. The amount of state taxes for which judgment shall be rendered in such action shall be refunded by the state treasurer." (Laws of 1901, c. 558, § 30.)

The Supreme Court of North Carolina, in *Norfolk-Southern Railroad Company* v. *Board of Commissioners,* 188 N. C. 265, 266, made the following statement as to the procedure in the state courts:

" In this jurisdiction, a taxpayer may contest the validity of an assessment or collection of tax upon his property in one of two ways:

"(1) He may pay the alleged illegal or invalid tax under protest and then bring an action to recover it back, observing, of course, the requirements of the statute with respect to time, notice, etc. C. S. 7979. *Murdock* v.

*Comrs.,* 138 N. C. 124; *Hilliard* v. *Asheville,* 118 N. C. 845; *Schaul* v. *Charlotte,* 118 N. C. 733; *Range Co.* v. *Carver,* 118 N. C. 328.

"(2) He may, if the tax or assessment, or some part thereof, be illegal or invalid, or be levied or assessed for an illegal or unauthorized purpose, apply for injunctive relief without paying the alleged illegal or invalid tax in advance. C. S. 858;[2] *Sherrod* v. *Dawson,* 154 N. C. 525; *Lumber Co.* v. *Smith,* 146 N. C. 199; *Purnell* v. *Page,* 133 N. C. 129."[3]

If it be assumed that, under the state statutes, the complainant could have applied to the state court for an injunction, the complainant also had an adequate remedy at law. *Schaul* v. *Charlotte,* 118 N. C. 733; *Teeter* v. *Wallace,* 138 N. C. 264, 267; *Blackwell* v. *City of Gastonia,* 181 N. C. 378; *Brunswick-Balke-Collender Company* v. *Mecklenburg County,* 181 N. C. 386; *Carstarphen* v. *Plymouth,* 186 N. C. 90. This is not a matter of doubt, as in *Union Pacific Railroad Company* v. *Weld County,* 247 U. S. 282, 285, and *Atlantic Coast Line Railroad Company* v. *Daughton,* 262 U. S. 413, 426. The act of Congress with respect to the existence of such a remedy has reference to the adequacy of the remedy on the law side of the Federal courts (*Smyth* v. *Ames,* 169 U. S. 466, 516; *Chicago, B. & Q. Railroad Company* v. *Osborne,* 265 U. S. 14, 16; *Risty* v. *Chicago, R. I. & P. Railway Com-*

---

[2] Section 858 of Consolidated Statutes of North Carolina provides: " No injunction may be granted by any court or judge to restrain the collection of any tax or any part thereof, or to restrain the sale of any property for the non payment of any tax, unless such tax or the part thereof enjoined is levied or assessed for an illegal or unauthorized purpose, or the tax assessment is illegal or invalid."

[3] See also *Bond* v. *Tarboro,* 193 N. C. 248; *Hunt* v. *Cooper,* 194 N. C. 265; *Southern Railway Company* v. *Cherokee County,* 195 N, C, 756,

*pany,* 270 U. S. 378, 388) and in this case there would have been an adequate remedy at law, not only in the state court, but also in the Federal court if petitioner had been able to show a violation of the Federal Constitution (Judicial Code, sec. 24).

The contention is that the state statute authorizing a proceeding in the state court for an injunction created an equitable right which should be enforced in the Federal court. It is true that where a state statute creates a new equitable right of a substantive character, which can be enforced by proceedings in conformity with the pleadings and practice appropriate to a court of equity, such enforcement may be had in a Federal court provided a ground exists for invoking the Federal jurisdiction. *Clark* v. *Smith,* 13 Pet. 195, 203; *In re Broderick's Will,* 21 Wall. 503, 520; *Holland* v. *Challen,* 110 U. S. 15, 24, 25; *Frost* v. *Spitley,* 121 U. S. 552, 557; *Gormley* v. *Clark,* 134 U. S. 338, 348; *Lawson* v. *United States Mining Company,* 207 U. S. 1, 9; *Pusey & Jones Company* v. *Hanssen,* 261 U. S. 491, 498. But the enforcement in the Federal courts of new equitable rights created by States is subject to the qualification that such enforcement must not impair any right conferred, or conflict with any inhibition imposed, by the Constitution or laws of the United States. This Court said in *Scott* v. *Neely,* 140 U. S. 106, 110, that " whenever, respecting any right violated, a court of law is competent to render a judgment affording a plain, adequate and complete remedy, the party aggrieved must seek his remedy in such court, not only because the defendant has a constitutional right to a trial by jury, but because of the prohibition of the act of Congress to pursue his remedy in such cases in a court of equity." *White-head* v. *Shattuck,* 138 U. S. 146, 152; *Wehrman* v. *Conklin,* 155 U. S. 314, 323. Whatever uncertainty may have arisen because of expressions which did not fully accord

with the rule as thus stated,[4] the distinction, with respect to the effect of state legislation, has come to be clearly established between substantive and remedial rights. A state statute of a mere remedial character, such as that which the petitioner invokes, can not enlarge the right to proceed in a Federal court sitting in equity, and the Federal court may, therefore, be obliged to deny an equitable remedy which the plaintiff might have had in a state court. *Pusey & Jones* v. *Hanssen, supra.*

The provision of the act of Congress does not extend to the jurisdiction of the Federal court, but governs the proceedings in equity and, unless the case is one where the objection may be treated as waived by the party entitled to raise it, the prohibition is not to be disregarded. *Reynes* v. *Dumont,* 130 U. S. 354, 395; *Singer Sewing Machine Company* v. *Benedict,* 229 U. S. 481, 484; *American Mills Company* v. *American Surety Company,* 260 U. S. 360, 363. There was no waiver in the present case and, as the petitioner had an adequate remedy at law, the District Court could not properly entertain the suit.

> *Decree affirmed without prejudice to proceedings at law.*

---

[4] See *Cummings* v. *National Bank,* 101 U. S. 153, 157; *Greeley* v. *Lowe,* 155 U. S. 58, 75; *Cowley* v. *Northern Pacific Railroad Company,* 159 U. S. 569, 582; *Grether* v. *Wright,* 75 Fed. 742.