## AMERICAN CYANAMID CO. v. WILSON & TOOMER FERTILIZER CO.

No. 6611.

Circuit Court of Appeals, Fifth Circuit.
Jan. 26, 1933.

Before BRYAN, SIBLEY, and HUTCH-ESON, Circuit Judges.

SIBLEY, Circuit Judge.

Wilson & Toomer Fertilizer Company on August 22, 1924, sued American Cyanamid Company at law to recover overcharges beginning in 1918 on a written contract for the sale of phosphate rock made with Amalgamated Phosphate Company, claiming that the Cyanamid Company had become bound by adoption, or by estoppel to deny adoption, of the Amalgamated Company's contract. On the first trial the verdict was directed for the Cyanamid Company, and the direction reversed. (C. C. A.) 33 F.(2d) 812. On a second trial the verdict was directed the other way, and again reversed. (C. C. A.) 51 F.(2d) 665. Prior to a third trial the Cyanamid Company without any action by the judge filed under 28 USCA § 398 an equitable plea with many exhibits, which alleges a fraud of which Wilson & Toomer Company is seeking to be the beneficiary, and circumstances which are claimed to amount to estoppel and such laches as would in equity prevent suit. The prayer is that the court sitting as chancellor will take jurisdiction, require a reply as provided by statute, and on final trial will annul and cancel the plaintiff's claim and permanently enjoin prosecution of it; and pending such determination as chancellor that the proceedings on the law side of the cause be suspended as though enjoined by a bill in equity. At the time the case stood for trial the equitable plea was first presented to the judge and a motion was made to stay the proceedings at law. In opposition it was urged that filing of the plea had not been allowed, that it set up no good matter of defense which is not good also at law, and was itself defeated by laches. The court thought the plea not timely filed, but more especially because the matter of it was pleadable at law, overruled the motion to stay the trial. The petition for appeal and the order allowing it recite that the equitable plea was dismissed in addition to the refusal of the stay, but we find no such ruling in the record. The court, however, on allowing the appeal, did by way of supersedeas suspend further proceedings on the giving of a damage bond as a condition thereof.

Since the order appealed from is not a final judgment, nor in form one refusing an injunction, a doubt suggests itself as to our jurisdiction to review it before the case is ended in the trial court. In Liberty Oil Co. v. Condon, 260 U. S. 235, 43 S. Ct. 118, 67 L.

Thos. B. Adams, of Jacksonville, Fla., and Charles Caldwell, of New York City, for appellant.

Robert R. Milam and George C. Bedell, both of Jacksonville, Fla., for appellee.

Ed. 232, it was held that the filing of an equitable plea under 28 USCA § 398 converts the case into one in equity so far as the matter of the plea is concerned, and that this matter should be first tried as in equity as if the law case had been enjoined by a bill, but if thereafter there remains an issue at law it is to be tried before a jury as at law. The complication of a separate bill and an injunction is obviated, a stay of the trial at law substituting an injunction. The statute itself declares: "The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of seeking the relief prayed for in such answer or plea." But this refers to the trial of his equitable plea and not to a review of the court's action on it, for the matter of review is dealt with thus: "Review of the judgment or decree entered in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require." The question whether an appeal or writ of error was proper was a live question when the act was passed in 1915, but is such no longer. Whether an appeal may be taken immediately from a refusal to stay the proceedings at law as if from the refusal of an injunction is still important, and we think a matter within the rule-making power given by the statute. An intent to accommodate appellate procedure to the exigencies of the new practice is plain. No rule appearing to have been promulgated, this purpose of the statute can be served only by recognizing a discretion to be exercised in each case until a rule shall be established. In some cases it may be highly desirable to stop the case at law until the asserted equity is determined on appeal. In others it may be possible without confusion to impanel a jury, hear all the evidence before judge and jury, the judge then determining the equities and taking the verdict of the jury on the remaining issues at law in one trial. The trial court here refused the stay, but fearing that a long and expensive law trial might be wasted if the stay ought to have been granted, it exercised such discretion as it had by at once granting a suspensive appeal. We exercise our discretion to entertain the appeal. See Ford v. Huff (C. C. A.) 296 F. 652; Banco Mercantil Americano v. Taggart Coal Co. (C. C. A.) 276 F. 388.

We see no point to the contention that the plea was bad because filed without the previous sanction of the court. It does not, however, by its mere filing operate to stay the proceedings at law. To have this effect an allowance by the court and an order of stay is needful, just as the mere filing of a bill to enjoin under the old practice would be without effect until an order of injunction was made. Nor do we think the fact that the plea was first presented to the court on the very eve of trial at law and after there had been previous trials prevents its due consideration. Under the old practice proceedings at law could be enjoined by a defendant in order to assert a good equitable defense at any stage, either to stay trial, to stay execution, or sometimes to stay the money in the sheriff's hands or his execution of a writ of possession. Burnes v. Scott, 117 U. S. at page 588, 6 S. Ct. 865, 29 L. Ed. 991; Pollock v. Gilbert, 16 Ga. 398, 60 Am. Dec. 732. Under the statute allowing the filing of equitable defenses there may be a duty to present them before the case is finally decided on pain of their being considered res judicata, but we have no doubt that this plea was presented in time to be considered. In its consideration, however, the lapse of time before its presentation may enter as an element of laches. Defensive equities are no better under the statute than they would have been before its passage. Laches is as good an objection to an equitable plea as it would have been to a bill to enjoin. And so is the objection founded on 28 USCA § 384 that there is a plain, adequate, and complete remedy at law. The plaintiff suing at law is not to be deprived of his constitutional right to a jury trial and shifted into equity because of a defense which can be made fully effective as a defense at law. American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306, Henrietta Mills v. Rutherford County, N. C., 281 U. S. 121, 50 S. Ct. 270, 74 L. Ed. 737. We agree with the court below that the equitable defense sought to be made in this case falls before these two objections. On reading it and its exhibits, one familiar with the former trials is at once impressed that there is little in it that is new, and nothing that has by the last opinion of this court, which constitutes the law of the case for its next trial, been denied effect at law because of its equitable nature. It was expressly held on authority cited (to which may be added Dickerson v. Colgrove, 100 U. S. 580, 25 L. Ed. 618), that law courts will enforce so-called equitable estoppels. The holding applies equally to an estoppel by conduct of either party. This amounts to saying that the jurisdiction over such estoppels at law and in equity is concurrent, as it is over questions of fraud. Equity is not over objection to assume jurisdiction because of

either if the remedy at law is plain, adequate, and complete; nor will a prayer for an unnecessary cancellation serve as an excuse. Buzard v. Houston, 119 U. S. 347, 7 S. Ct. 249, 30 L. Ed. 451; Equitable Life Assurance Soc. v. Brown, 213 U. S. 26, 29 S. Ct. 404, 53 L. Ed. 682; Central Florida Lumber Co. v. Taylor-Moore Syndicate (C. C. A.) 51 F.(2d) 1; Adams v. Jones (C. C. A.) 11 F. (2d) 759; Investors' Guaranty Corporation v. Luikart (C. C. A.) 5 F.(2d) 793; General Film Co. v. Sampliner (C. C. A.) 252 F. 443. The prayer for a cancellation of Wilson & Toomer Company's claim against Cyanamid Company may be put aside. A judgment at law for the defendant will effectually end it. One for the plaintiff will merge it. There is no written instrument capable of future harm to be canceled. The fraud attempted to be set up is in brief that the sales agent of the Amalgamated Company, unknown to the Cyanamid Company, was a large stockholder in Wilson & Toomer Company, and that after Wilson & Toomer Company sold out its interest in the Amalgamated Company the sales agent used his position as such to make low-priced contracts for the Amalgamated Company with the fraudulent purpose of thereby automatically lowering the price to Wilson & Toomer Company under its contract, and that Wilson & Toomer Company well knew it at the time, and is now trying to use the fraudulent sales to measure its recovery of overcharges. If a fraudulent trick in behalf of Wilson & Toomer Company can be shown, a court of law will be as capable as a court of equity to stop any benefit being reaped from it. The estoppel by conduct and laches contended for is that Wilson & Toomer Company knew that the Cyanamid Company had leased the Amalgamated Company's plant, and that it had not intended to adopt and assume the contract with Wilson & Toomer Company, but was intending only to furnish the phosphate rock to the Amalgamated Company for it to deliver to Wilson & Toomer Company, and that all the dealings were conducted on that basis, but did not until the suit was filed in 1924 ever claim that the American Cyanamid Company had become a party to its contract and directly liable on it. It is pleaded that, if Wilson & Toomer Company had notified the Cyanamid Company of its present contention, Cyanamid Company would have acted differently in dealing with Wilson & Toomer Company and in contracting with its other customers. Mention is also made that Cyanamid Company had carried out its lease agreements with Amalgamated Company, and had paid interest and taxes as therein agreed. It is not, however, made at all plain how the Cyanamid Company having in 1916 made the lease which bound it to the Amalgamated Company could have bettered its position if Wilson & Toomer Company had in 1919 when rebates were first refused announced its present position. Cyanamid Company might perhaps have appropriated the payments made to Amalgamated Company for the rock delivered instead of charging cost plus 15 per cent. as agreed in the lease. But it is not even alleged which would be the better price. And Amalgamated Company, or its creditors on insolvency, could have held Cyanamid Company to perform its lease agreements regardless of the contentions of Wilson & Toomer Company about them. If any right of recourse against Amalgamated Company would arise out of the success of Wilson & Toomer Company in their contention, nothing appears to show that the right has been prejudiced by the delay, the Amalgamated Company not being alleged to be insolvent and being wholly in the control of Cyanamid Company. Some witnesses are alleged to have died, but it is not stated at what date, what their testimony would have been, or that no other proof is available. But we need not pronounce upon the insufficiency of the estoppel pleaded, since we hold that if there is one it is available at law. We do not overlook the decision in Ford v. Huff (C. C. A.) 296 F. 652. The holding really made there is that the facts pleaded showed an estoppel or abandonment good in equity. There was no discussion of the further question whether the defense was not also available at law, and none of the authorities cited to support the decision relate to the latter question. As the case at bar stands, Wilson & Toomer Company have the burden to show that Cyanamid Company has intentionally or by estoppel adopted the Amalgamated Company's contract. If intentionally, with acquiescence by Wilson & Toomer Company, the Cyanamid Company could not withdraw from the resulting novation without the consent of Wilson & Toomer Company. If not intentionally, then no adoption by estoppel could arise if the facts were as stated in this pleading and were fully known to Wilson & Toomer Company so that it was in no wise misled but elected to retain the contract with Amalgamated Company. Some of the matter pleaded would be pertinent and admissible at law, but the equitable plea as a whole sets up no sufficient ground for the interference of equity in a suit already proceeding at law.

Judgment affirmed.