HARJIM, Inc., et al. v. OWENS, Tax Assessor, et al.

No. 6532.

Circuit Court of Appeals, Fifth Circuit.

March 31, 1933.

Rehearing Denied April 21, 1933.

James R. Roads, H. J. Quincey, and A. S. Bussey, all of West Palm Beach, Fla., for appellants and cross-appellees.

D. L. Southard, C. D. Blackwell, and A. L. Rankin, all of West Palm Beach, Fla., for appellees and cross-appellants.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Three complainants, two of them Florida corporations, one an individual and resident citizen of New Jersey, assigning no reason for suing jointly and making out no joint case, brought their bill to have the tax assessment rolls of the county of Palm Beach, Fla., and the tax levies based thereon for the years 1927, 1928, 1929, and 1930 declared null and void, and for an injunction against the tax collector from proceeding against the properties described in the bill. A temporary restraining order was granted. Thereafter, the case having gone to hearing and judgment, upon a finding that the methods used by the assessor, though not directly aimed at plaintiffs, had resulted to their prejudice and that an unjust burden of taxes had been imposed upon them in consequence, the District Judge made permanent the injunction for the years 1929 and 1930. The injunction for the years 1927 and 1928 he dissolved, upon the additional finding that, if the rolls for these years were now held illegal and void, and an injunction issued against the collection of taxes thereon, no reassessment could be made and a situation of inextricable confusion would ensue. He found that the properties, the omission of which from the rolls was complained of, could not be added, because they had either been physically lost and destroyed in storms, or practically lost and destroyed in value by the general failure of banks, and the intolerable pressure of an

overwhelming public indebtedness. The case is here on appeal and cross-appeal.

Appellants insist that upon the record they made as to the years 1927 and 1928 a decree should have followed as a matter of course. Appellees, cross-appellants, urge that there was no case made out as to any of the years; that the decree as to the years 1927 and 1928. should be affirmed, and as to the years 1929 and 1930 should be reversed.

We think no case for equitable jurisdiction was made out, and that the decree should be reversed and the cause dismissed.

Though the record does show unmistakably that much personal property taxable in the county escaped taxation for the years in question, and though it tends strongly to support the view that certain properties, particularly in the town of Palm Beach, were valued for tax purposes at a less proportion of their value than were those of plaintiffs, the record does not at all show that this condition was the result of any deliberate purpose to discriminate against plaintiffs and those similarly situated, or that plaintiffs have been made in any way the victims of a campaign of intentional discrimination or overassessment. Suits of this kind, striking as they do at the very maintenance and existence of governments, are not favorites of equity. Especially is it true that federal equity courts will not, in the absence of a most clear showing of intentional and deliberate discrimination, take jurisdiction to strike down the tax rolls of a sovereign state, or embarrass that state in the collection of its taxes. Inequalities in assessments, differences in valuations, errors of judgment, none of these will suffice to make out a case. It must be shown that such inequalities are the result of a deliberate scheme, an intentional, systematic denial to persons in the same situation with others, of that uniformity which the law requires. Coulter v. L. & N. R. Co., 196 U. S. 599, 25 S. Ct. 342, 49 L. Ed. 615; Sunday Lake Iron Co. v. Wakefield, 247 U. S. 350, 38 S. Ct. 495, 62 L. Ed. 1154; Chicago G. W. R. Co. v. Kendall, 266 U. S. 94, 45 S. Ct. 55, 69 L. Ed. 183; Sioux City Bridge Co. v. Dakota County, 260 U. S. 441, 43 S. Ct. 190, 67 L. Ed. 340, 28 A. L. R. 979.

Further, it is well established that, where there is an adequate remedy at law, federal equity jurisdiction, to strike down or restrain the collection of state taxes, may not be invoked. Henrietta Mills v. Rutherford County, 281 U. S. 121, 50 S. Ct. 270, 74 L. Ed. 737; Matthews v. Rodgers, 284 U. S. 521, 52 S. Ct. 217, 219, 76 L. Ed. 447. The Fourteenth Amendment operates vigorously to guarantee to all persons equal protection of the laws, and to prevent actions under color of state statutes which are discriminatory or a denial of due process, and federal equity courts may be appropriately resorted to for relief against such oppressive acts, Constantin v. Smith (D. C.) 57 F.(2d) 227; Sterling v. Constantin, 287 U. S. 378, 53 S. Ct. 190, 77 L. Ed. ——, but, where tax collections are concerned, such resort may be had only in the clearest cases of deliberate and intentional discrimination and not then where there is available to plaintiffs an adequate remedy at law.

Neither in their bill nor in their proof did plaintiffs make such a showing as entitles them to invoke federal equity jurisdiction. They sue for complete release from the payment of what they allege to be illegal taxes. They do indeed, in an apparent effort to comply with the Florida Constitution and statutes which require as a condition to equitable relief from illegal or unjust taxes that plaintiffs. pay all taxes legally due (West Virginia Hotel Corporation v. Foster, 101 Fla. 1147, 132 So. 842, 846; Folsom v. Bank, 97 Fla. 426, 120 So. 317; Florida Growers, Inc., v. City of Stuart [Fla.] 141 So. 735), offer to pay such as may be found to be due, but they couple this offer with the positive affirmation that such determination is impossible, because the tax rolls are void, and they sue for a judgment so declaring, and relieving them and their properties from the payment of any taxes for those years. The effect of these allegations is to assert that there are no taxes due by them, that the assessments are illegal and void ab initio, and that, if taxes are collected, the tax collector would, in an action for moneys had and received, be compelled to pay them back. In such a case, their remedy at law to pay their taxes and sue to recover them back being, under the decisions of the Florida courts, complete and adequate, Seaboard Air Line R. Co. v. Allen, 82 Fla. 191, 89 So. 555, 557, federal equity jurisdiction may not be invoked.

In Matthews v. Rodgers, supra, a case vigorously affirming that, where a plain and adequate remedy at law exists, recourse to the extraordinary remedies of equity is forbidden, it is said: "The reason for this guiding principle is of peculiar force in cases where the suit, like the present one, is brought to enjoin the collection of a state tax in courts of a different, though paramount, sovereignty. The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by in-

junction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it. Whenever the question has been presented, this Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States."

This case, as that one was, is one in which "appellees' bill of complaint does not state a case within the jurisdiction of equity to avoid multiplicity of suits. As to each appellee a single suit at law brought to recover the tax will determine its constitutionality, and no facts are alleged showing that more than one suit will be necessary for that purpose."

The propriety of declining jurisdiction in equity in this case is emphasized by a consideration of the plaintiffs' delay to assert their rights under the conditions of public calamities, resulting in destruction of properties and falling values shown in the record and detailed in the trial court's opinion. This is not at all a case like those in which equitable relief has been usually afforded, of a deliberate discrimination against a particular class of taxpayers where there has been no undue delay, and where the situation and result are plain and the remedy equally plain. Lively v. Missouri, K. & T. R. Co., 102 Tex. 545, 120 S. W. 852, and similar cases in the federal courts. It is a case like that imagined in City of Houston v. Baker (Tex. Civ. App.) 178 S. W. 820, where, long after the rolls have been made up, and the business of the county and state has been conducted for years on the basis of them, an action is brought challenging the whole roll instead of being brought as it was there, in a timely way, before the rolls had been made up, or at least before general payments on account of them have occurred.

It cannot be that persons situated as plaintiffs are may lie by, permitting rolls to be made up, as they claim they have been made, with their knowledge for years, permitting other taxpayers similarly situated to pay off their taxes on the basis of them, and then, by resort to a United States court, seek by injunction to strike down the entire rolls on the faith and enforceability of which diligent property owners have acted, and state and county governments have established their fiscal policies and conducted their business.

The District Court should have dismissed the bill. That it may do so its decree both in favor of and against appellants is reversed, and the cause is remanded, with directions to dismiss without prejudice.