CENTRAL PAC. RY. CO. et al. v. NEVADA TAX COMMISSION et al.

No. H—48.

District Court, D. Nevada.

June 1, 1933.

Brown & Belford, of Reno, Nev., and Guy V. Shoup and Henly C. Booth, both of San Francisco, Cal., for complainants.

Gray Mashburn, Atty. Gen., of Nevada, and W. T. Mathews, Dep. Atty. Gen., for defendants.

NORCROSS, District Judge.

Complainants, by their bill of complaint, pray for an injunction prohibiting certain of defendants from proceeding to sue for or collecting any sum or sums in addition to certain specified amounts which complainants allege they are ready and willing to pay on account of the second installment of state and county taxes due and payable to the county treasurers of several of the counties of the state of Nevada on or before June 5, 1933. To complainants' bill in equity, and in opposition to a motion for a mandatory and prohibitory preliminary injunction commanding the defendants, tax receivers, to receive certain sums of money on account of said second installment of taxes for the year 1932 and prohibiting the remainder of defendants from instituting suits for or in respect to said second installment, defendants have filed a motion to dismiss the bill upon the ground that this court is without jurisdiction for the reasons that the suit is in effect against the state and that the state has not consented to be sued or waived its immunity from such suit; that complainants have a plain, speedy, complete, and adequate remedy at law; that there is an insufficiency of fact in the bill of complaint to constitute a valid cause of action in equity; and that complainants have failed to exhaust their statutory administrative remedies.

A similar bill of complaint, excepting in respect to the effect of an act of the Legislature of the state of Nevada, approved March 20, 1933 (Stats. Nev. 1933, c. 103, p. 128), was filed in this court by complainants respecting the assessment of taxes for state and county purposes for the year 1931. A similar motion upon the part of defendants was filed, presented, and denied. From that decision appeal was not taken, and that case is pending. We shall, therefore, consider only the question presented by the said act of March 20, 1933, which was "An Act to amend an act entitled 'An act in relation to public revenues, * * *' approved March 23, 1917." The question presented is whether the said act of 1917, as amended, now provides complainants a plain, speedy, and adequate remedy at law.

By section 11 of the act, as amended, it is provided:

"(b) Any property owner whose taxes exceed the sum of $300 and are in excess of the amount which such owner claims to be justly due, may pay each installment of taxes as it becomes due under protest in writing. * * * Such property owner, having protested * * * may commence a suit in any court of competent jurisdiction in the State of Nevada against the state and county in which the taxes were paid, and, in a proper case, the Nevada tax commission may be joined as a defendant for a recovery of the difference between the amount of taxes paid and the amount which such owner claims to be justly due. * * * In any suit * * * the person assessed may complain or defend upon any of the following grounds: * * *

"5. Fraud in the assessment or that the assessment is out of proportion to and above the actual cash value of the property assessed; * * * or that the assessment * * * is discriminatory in that it is not in accordance with a uniform and equal rate of assessment and taxation, but is at a higher rate of the full cash value of the property so assessed than that at which the other property in the state is assessed; * * * provided further * * * the burden of proof shall be upon the plaintiff to show by clear and satisfactory evidence that any valuation established or equalized * * * is unjust and inequitable.

"In any judgment recovered * * * the court may provide for interest thereon at not to exceed six per centum per annum from and after the date of payment of the tax complained of. * * *

"(c) Any property owner owning property of like kind and character in more than one county in the state, and desiring to proceed with a suit under the provisions of subparagraphs '(a)' or '(b)' of this section may, where the issues in the cases are substantially the same in all or in some of the counties concerning the assessment of taxes on such property, consolidate any or all of said suits in one action and bring the same in any court of competent jurisdiction in the county of Ormsby, State of Nevada."

It is complainants' contention that "the laws of Nevada contain no effective provision for payment under protest or return of money found to have been unlawfully exacted." Concerning the said amendment of 1933, it is said: "Whether the change was made in anticipation of the instant suit, we do not know. If such was the intention, the new act does not accomplish the purpose." The particular defects which are charged in respect to the statute, as amended, are the following:

"a. It gives a non-resident tax-payer no remedy at law in a Federal Court in the circumstances of which we complain.

"b. It does not remove the objection of multiplicity of actions by District Attorneys.

"c. It attempts to establish a rule of evidence more strict than that applicable in this court.

"d. It does not impound excessive taxes paid under protest, but permits their expenditure and if the tax-payer be successful in a recovery suit and finds the treasury empty, he has no adequate remedy for enforcing his judgment.

"e. Even if an action at law be maintainable in which all the points could be raised concerning the invalidity of the assessment that are raised in this bill, such an action would still fail to furnish the effectual, complete and sufficient relief that equity can furnish."

██ Relative to "a", supra, complainants allege assessments in excess of the full cash value of their property in an amount in excess of $5,500,000, the assessment of other large classes of property at substantially less than full cash value, and also the omission of a large amount of property from assessment. The contention that a nonresident taxpayer is given no remedy at law in a federal court in the circumstances complained of is met by the countercontention upon the part of defendants that the act, as amended, authorizing the institution of a suit by a taxpayer paying under protest "in any court of competent jurisdiction in the county of Ormsby, State of Nevada," is inclusive of this court, and that the statute should be so construed. While the interpretation of state statutes is the peculiar province of the state courts, the contention of the Attorney General respecting the construction of a state statute is at least persuasive.

Paragraph (c) of section 11, supra, should be read in connection with section 10, as also amended by the said act of 1933. The section, as amended, reads: "Section 10. No taxpayer shall be deprived of any remedy or redress in a court of law relating to the payment of taxes, but all actions at law shall be for redress from the findings of said commission or the state board of equalization, and may not be instituted upon the act of an assessor, or of a county board of equalization or the state board of equalization until said commission has denied the complainant redress. Said Nevada tax commission, in that

name, may sue and be sued, and shall be so named as defendant in any action at law brought under the provisions of this act, and the attorney-general shall defend the same, but the burden of proof shall be upon the complainant to show by clear and satisfactory evidence that any valuation established or equalized by said commission or the state board of equalization is unjust and inequitable."

In neither of sections 10 or 11, as amended, is there any expression limiting the right of an action at law to state courts. In the absence of such limitation, complainants, otherwise qualified, may have their remedy by similar action at law in a federal court. Singer Sewing Machine Co. v. Benedict, 229 U. S. 481, 33 S. Ct. 942, 57 L. Ed. 1288; Chicago, B. & Q. R. R. Co. v. Osborne, 265 U. S. 14, 44 S. Ct. 431, 68 L. Ed. 878; Henrietta Mills v. Rutherford County, 281 U. S. 121, 50 S. Ct. 270, 74 L. Ed. 737; Dows v. Chicago, 11 Wall. (78 U. S.) 108, 20 L. Ed. 65; Gramling v. Maxwell (D. C.) 52 F.(2d) 256. It is clear, we think, that the expression "any court of competent jurisdiction in the county of Ormsby, State of Nevada," may not be construed so as to exclude the federal District Court which by statute is required to hold sessions at Carson City, within said county. The fact that the jurisdiction of the court covers the entire state does not exclude it from the classification of courts referred to in the statute. One of the purposes of paragraph (c) of section 11 is to confer upon state courts within the county a jurisdiction in the class of actions referred to which may also extend throughout the state.

█ The contention that the said amendatory act of 1933 does not remove the objection of multiplicity of actions by district attorneys is without merit. If the alleged illegal taxes are paid under protest, there is no occasion for the institution of actions by the district attorneys. The right of the taxpayer who has paid under protest taxes in more than one county to consolidate suits for recovery in one action removes the objection of a multiplicity of suits.

█ The contention that the act as amended "attempts to establish a rule of evidence more strict than applicable in this Court" is based upon the provision that "the burden of proof shall be upon the plaintiff to show by clear and satisfactory evidence that any valuation established or equalized * * * is unjust and inequitable." The court is not impressed that there is merit in this contention.

932

The mere fact that alleged excessive taxes which may be paid under protest are not required to be impounded pending the outcome of the action is not of itself sufficient to justify a conclusion that an action at law may not afford a complete and adequate remedy. Of the number of cases cited where the question of an adequate remedy at law was considered, the only statute appearing to require impounding of the portion of tax paid under protest is that of the state of Oklahoma, considered in the case of Black v. Geissler, 58 Okl. 335, 159 P. 1124, cited in McCoy v. Shaw, 277 U. S. 302, 48 S. Ct. 519, 72 L. Ed. 891. The North Carolina statute under consideration in Henrietta Mills v. Rutherford County, 281 U. S. 121, 50 S. Ct. 270, 272, 74 L. Ed. 737, provided that of the amount of tax held invalid or excessive, "the same shall be collected as in other cases. The amount of state taxes for which judgment shall be rendered in such action shall be refunded by the state treasurer." The statute considered in the case of Gramling v. Maxwell (D. C.) 52 F.(2d) 256, was substantially the same.

The statute here in question provides that the amount of tax paid under protest shall be apportioned to the various state and county funds the same as though it had not so been paid under protest. If judgment is recovered for the amount paid under protest, the provision in respect thereto reads: "The amount of said judgment plus the interest thereon, as may be fixed and determined by the court, shall be paid out of the general funds of the state and county by the proper officers thereof as the respective liability of the state and county may appear. The county treasurer is hereby directed, and it shall be his duty in making tax settlements with the state, to then and there notify the state controller of the amount of state tax moneys paid under protest, and an amount equivalent thereto, plus a reasonable amount of interest thereon, not exceeding six per centum per annum after the date of such payment to such county treasurer, shall be deemed to be and hereby is appropriated for the purpose of satisfying any judgment therefor recovered against the state in a suit under the provisions of this subparagraph '(b)'; provided, if and when a judgment against a county is secured under the provisions of this subparagraph '(b)' and there shall not be sufficient money in the general fund of the county affected by such judgment to satisfy the same, the board of county commissioners of such county is hereby empowered and directed, and it shall be its duty, to forthwith levy and provide for the collection of a sufficient tax upon all the taxable property within said county, exclusive of the property of the person securing such judgment, to satisfy such judgment and such interest thereon as may have been fixed and determined therein by the court; * * * provided, if at the time a final judgment secured against the state under this act is presented for satisfaction there is not sufficient money in the state treasury set apart for the satisfaction of any such judgment, the state treasurer is hereby empowered and directed, and it shall be his duty, to satisfy such judgment from moneys then and there in the general fund of the state."

The foregoing provisions of the statute provide a reasonably prompt and effective method for the settlement of any judgment obtained.

The amendatory act of 1933 is plain and unambiguous, and presents no question of construction which in the absence of interpretation by the state courts would render doubtful whether or not it may be said that a plain, speedy, and adequate remedy exists at law. While we are dealing with a recent statute which has not been applied by the state courts, a question is not, we think, presented by reason thereof, such as considered by the Supreme Court in Atlantic Coast Line R. Co. v. Doughton, 262 U. S. 413, 426, 43 S. Ct. 620, 625, 67 L. Ed. 1051, and cases therein cited. The court said: "On behalf of the state it was urged that the bill was properly dismissed by the District Court because there is under the laws of North Carolina a plain, adequate, and complete remedy at law by which a taxpayer may recover the amount of an illegal tax paid by him under protest. Our attention has been called to several North Carolina cases and statutes bearing upon this contention. But the statute mainly relied upon is a recent one which appears not to have been construed and applied by the highest court of the state. In the absence of such decision, we cannot say the remedy at law is plain and adequate. Dawson v. Kentucky Distilleries & Warehouse Co., 255 U. S. 288, 296, 41 S. Ct. 272, 65 L. Ed. 638; Wallace v. Hines, 253 U. S. 66, 68, 40 S. Ct. 435, 64 L. Ed. 782; Shaffer v. Carter, 252 U. S. 37, 47, 40 S. Ct. 221, 64 L. Ed. 445; Union Pacific R. R. Co. v. [Board of Com'rs of] Weld County, 247 U. S. 282, 38 S. Ct. 510, 62 L. Ed. 1110; Davis v. Wakelee, 156 U. S. 680, 688, 15 S. Ct. 555, 39 L. Ed. 578."

In the case of Union Pac. R. R. Co. v. Board of Com'rs of Weld County, 247 U. S. 282, 38 S. Ct. 510, 64 L. Ed. 445, the court said: "For many years the revenue laws of Colorado have contained a section imposing on the board of county commissioners 'in all cases' the duty of refunding to the taxpayer 'without abatement or discount' 'any tax, interest or costs, or any part thereof,' which is found to have been 'erroneous or illegal,' and by a necessary implication conferring on him a correlative and substantive right to have the same so refunded. * * * If that section is still in force, unqualified and unmodified, the conclusion below that in this case there is a plain, adequate and complete remedy at law, and therefore that relief by injunction is not admissible, is fully sustained by our decisions. Singer Sewing Machine Co. v. Benedict, 229 U. S. 481, 33 S. Ct. 942, 57 L. Ed. 1288, and cases there cited; Pittsburgh, etc., Ry. Co. v. Board of Public Works, 172 U. S. 32, 19 S. Ct. 90, 43 L. Ed. 354; Arkansas Building & Loan Ass'n v. Madden, 175 U. S. 269, 20 S. Ct. 119, 44 L. Ed. 159; * * * Johnson v. Wells Fargo & Co., 239 U. S. 234, 243, 36 S. Ct. 62, 60 L. Ed. 243; Greene v. Louisville & Interurban R. R. Co., 244 U. S. 499, 519, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88." (Pages 284, 285 of 247 U. S., 38 S. Ct. 510, 511, 64 L. Ed. 445.)

"An examination of the new statute shows that the controversy just outlined is not without some real basis and that its solution is not free from difficulty. The question is purely one of state law, and, so far as we are advised, the Supreme Court of the state has not passed on or considered it. A ruling by us on the question would neither settle it for that court nor be binding in an action to recover the tax if paid. In these circumstances it cannot be said that the company certainly or plainly has an adequate and complete remedy at law. On the contrary, the existence of such a remedy is debatable and uncertain. And this being so, the situation is not one in which cognizance of the present suit properly can be declined." (Page 287 of 247 U. S., 38 S. Ct. 510, 512, 64 L. Ed. 445.)

In the case at bar it is the new statute which makes clear that the taxpayer has what repeatedly has been declared to be a plain, adequate, and complete remedy at law.

It is further contended that "there is no provision for reimbursing the taxpayer for the costs of the litigation." This contention is without merit as the Civil Procedure Act makes provision for the recovery of costs upon a judgment in favor of the plaintiff "in an action which involves * * * the legality of any tax," etc. Nevada Comp. Laws 1929, § 8924. See, also, sections 8939, 8940.

Defendants' motion to dismiss should be granted.