**BARNES v. BOYD et al.**

No. 3694.

Circuit Court of Appeals, Fourth Circuit.

Nov. 19, 1934.

J. Franklin Fairleigh, of Louisville, Ky. (Fairleigh & Fairleigh, of Louisville, Ky., on the brief), for appellant.

Robert S. Spilman, of Charleston, W. Va. (George E. Price, Herbert L. Carney, Conley & Klostermeyer, Brown, Jackson & Knight, Harold A. Ritz, B. J. Pettigrew, MacCorkle, Clark & MacCorkle, and Koontz, Hurlbutt & Revercomb, all of Charleston, W. Va., on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and MYERS, District Judge.

PER CURIAM.

This suit in equity brought before the District Court for the third time the claim that the heirs at law of William A. McMullen, who died intestate in 1872, were deprived of large tracts of land in Kanawha county, W. Va., by an arbitration award in 1876 and a judgment of the circuit court of that county based thereon in 1877, which, it is alleged, were wrongfully obtained through a fraudulent conspiracy. The first suit was brought by Nelson V. McMullen, a grandson of William A. McMullen; the second suit was brought by Rose Cooke Morse, a granddaughter of William A. McMullen, and the pending suit was brought by Rose Hudson Barnes, also a granddaughter of William A. McMullen. In the first two suits, the bills of complaint were dismissed by the District Court as insufficient, because the allegations and the

supporting exhibits failed to show a fraudulent conspiracy, or to account for or explain the laches involved in the delay of more than fifty years intervening between the award and judgment complained of and the filing of the suits to set them aside; and these conclusions were affirmed by this court. McMullen v. Lewis, 32 F.(2d) 481; Morse v. Lewis, 54 F.(2d) 1027. A similar result was reached by the District Judge in the pending case, and his reasons were given in a painstaking opinion in which every aspect of the matter was carefully considered. 8 F. Supp. 584. He pointed out that the present suit affects the same lands and is based upon the same grounds as its predecessors, and although the bill of complaint recites the circumstances relied upon with greater particularity, the allegations in support of the fraudulent conspiracy are essentially the same. He also held that it appears from the face of the bill that the plaintiff has been guilty of inexcusable laches. We fully concur in both of these conclusions.

 We are in accord also with the provisions of the decree whereby the motion to dismiss the bill of complaint, as amended, was granted. The amendment adds to the original bill the allegations that the defendants are in possession of the lands and claim title thereto under a state grant that was void for uncertainty, and that their claim is hostile and adverse to the title of the plaintiff derived from valid state grants. Reliance is placed upon a West Virginia statute codified in chapter 51, art. 2, § 2, of the West Virginia Code of 1931, and in section 5196 of the Code of 1932, which provides, in substance, that the circuit courts of the state shall have jurisdiction in equity to remove any cloud on the title to real property and to determine questions of title thereto without requiring allegations or proof of actual possession. These additional allegations do not aid the plaintiff's case. Under the general rule of equity jurisdiction, a plaintiff out of possession, asserting a superior legal title to lands against a defendant in possession thereof, may not sue in equity but will be left to his adequate remedy of ejectment at law. Pomeroy on Equity Jurisprudence, § 1399. And although a new equitable right of a substantive character, created by state statute, may be enforced in a federal court in equity, provided a ground for invoking the federal jurisdiction exists, nevertheless whenever a court of law can afford an adequate remedy in respect to the right violated, the party aggrieved must seek his remedy in that court, notwithstanding the provisions of the state statute, because the defendant has a constitutional right to a trial by jury, and the act of Congress, 28 USCA § 384, provides that suits in equity shall not be sustained in any federal court, where a plain, adequate, and complete remedy may be had at law. Whitehead v. Shattuck, 138 U. S. 146, 11 S. Ct. 276, 34 L. Ed. 873; Henrietta Mills v. Rutherford County, N. C., 281 U. S. 121, 50 S. Ct. 270, 74 L. Ed. 737. Irrespective of these considerations, it is sufficient to say in the pending case, as to the amendment to the bill of complaint, as the District Judge pointed out, that it does not surmount the insuperable barrier of laches which in each of these cases has been held a complete answer to the plaintiff's suit.

The decree of the District Court is affirmed.