PROVOSTY, J.
When a corporation has been in the hands of a receiver, any of its mortgage creditors, if his act of mortgage •contain the pact de non alienando, may proceed to foreclose the mortgage by executory process against the receiver in the same way that he could have done against the corporation itself in the absence of a receivership. Act No. 25, p. 33, of 1002. This the plaintiff! and relator did. The receiver of the defendant corporation filed an intervention and third opposition in the executory process proceedings, alleging that there were certain privileged debts of the receivership entitled to he paid by preference over the mortgage claim of plaintiff out of the proceeds of the sale of the mortgaged property, and asking that said privileged debts be ordered to be paid accordingly, and that the said proceeds be held until the further orders of the court. He also alleged that as receiver he was entitled to receive the whole of said proceeds, in order that the distribution of same might be made by him in due course of the settlement of the receivership. The plaintiff filed an answer to said intervention and third opposition, denying generally and specially all the allegations therein contained. The receivership and the executory process proceedings were in the same court.
While things were in this condition the receiver filed a petition in the receivership proceedings, alleging that it was meet and proper that the whole of said proceeds should be delivered to him to be administered by him as property belonging to the receivership; and the judge without notice to the plaintiff granted the order, and the sheriff, or, rather, the coroner, acting sheriff, who had made the sale, and who held the proceeds, accepted service of the order, and at once complied with it by turning over the entire fund to the receiver. Some months later the plaintiff applied to the judge for the vacation of the order, and the restoration of the fund to its proper custodian, assigning the following reasons:
“That said order and petition, although styled and numbered in the case of First National Bank v. Powell Bros. & Sanders Co., Ltd., the receivership case, were in fact necessarily in the suit of Interstate Trust & Banking Co. v. Powell Bros. & Sanders Co., Ltd., Thos. C. Wingate, Receiver, and that said order was made ex parte and improvidently, and should be vacated immediately.
“Or that, if said order and petition were in fact properly styled and numbered, it was impossible for an order in said case to affect moneys or property held in the hands of an officer of this court by order duly rendered in another proceeding, separate and distinct, and said order was made ex parte and improvidently, and should be vacated immediately.
“And that, in any event, said order was improvidently made, and the rights and interests of the Interstate Trust & Banking Company are being jeopardized thereby, and that said Interstate Trust & Banking Company is greatly aggrieved by said order.”
The judge, after hearing, vacated the order as to that part of the fund still remaining in the hands of the receiver, but refused to vacate it as to whatever part of the fund the receiver had already paid out. Thereupon plaintiff and relator filed in this court the present application for a mandamus to the judge commanding him to vacate the said order in toto, and to make an order directing the receiver to restore to the coroner the entire fund.
In his answer' to the rule nisi, our learned Brother says that in the course of the receivership it had become necessary for the receiver to borrow money wherewith to pay taxes, and that to represent these loans the receiver has issued receiver’s certificates which recited on their face that they were payable out of first proceeds coming into the hands of the receiver, and that the receiver at the same time that he had asked that the said fund be turned over to him had presented a petition asking for permission to pay those certificates out of the fund, and that he, the judge, had authorized the payment to be made to an amount “something over $4,000,” and that he, the judge, did not *1007 consider that there was any necessity of posting- in the receivership order hook this application to pay out this money, because the certificates themselves had only been issued after due and regular posting in the order book, and recited on their face that they were to be paid out of first proceeds. Our learned Brother also says that he was of opinion that the interests of all parties concerned would be best subserved by the distribution of the fund being made in due course of the receivership iiroceedings.
The only difficulty in the way of so doing is the statute (Act No. 25 of 1902), referred to above, which gives to the mortgage creditor the right to have his mortgage foreclosed outside of the receivership proceeding in a separate suit. Of course, the courts have no authority to nullify the statute. The fund in question must, therefore, be ordered to be restored in toto to its proper custodian.
It is therefore ordered, adjudged, and decreed that a mandamus issue to Hon. Don. E. So Relie, judge of the Twelfth judicial district court in and for the parish of Vernon, commanding him to vacaté in toto the order granted by him on the 23d day of January, 1911, in the matter of First National Bank of Leesville v. Powell Bros. & Sanders Company, Limited, No. 858 of the docket of the said Twelfth judicial district court, ordering and directing J. H. Word, coroner of said parish and acting sheriff, to turn over and deliver to Thomas C. Wingate, receiver of Powell Bros. & Sanders Company, Limited, the $12,050, then held by him, the said coroner, as the proceeds of a sale theretofore made by him, said coroner, in the suit entitled Interstate Trust & Banking Company v. Powell Bros. & Sanders Company, Limited, Thos. C. Wingate, Receiver, No. 1558 of the docket of the said Twelfth judicial district court, and further commanding the said judge to order said Thomas C. Wingate, receiver, to return to the said J. H. Word, coroner, the full amount paid over by the said coroner to the said receiver under the said order of January 23, 1911.
It is further ordered that the writ of prohibition herein issued be made perpetual, and that defendants pay the costs of the present application for mandamus and prohibition.
SOMMERVILLE, J., takes no part herein.