THE TRAVELERS INSURANCE COMPANY ET AL V.
ELIZABETH ROWLEY ET AL.

No. 7215. Decided May 10, 1939.
Rehearing overruled June 21, 1939.
(128 S. W., 2d Series, 20.)

*Renfro, McCombs & Kilgore,* of Dallas, for plaintiff in error.

Where the loan contract does not provide for an interest in excess of ten per cent, and the record does not affirmatively show that a tax could be lawfully levied upon the debt in an amount which when added to the interest rate would in the aggregate exceed ten per cent upon the principal of the debt, the contract is not usurious because it provided a remote and unlikely contingency under which the debtor might be required to pay taxes levied against the debt. Zapalac v. Travelers Ins. Co., 84 S. W. (2d) 818; Guaranty Life Ins. Co. of Houston v. City of Austin, 108 Texas 209, 190 S. W. 189; Walker v. Temple Trust Co., 124 Texas 575, 80 S. W. (2d) 935.

*George M. Hopkins,* of Denton, for defendants in error.

The contract for the loan of the $5,000.00 was usurious. Manning v. Christian, 124 Texas 517, 81 S. W. (2d) 54;

Shropshire v. Commerce Farm Credit Co., 120 Texas 400, 30 S. W. (2d) 282; Commerce Trust Co. v. Best, 124 Texas 583, 80 S. W. (2d) 942.

*Robert L. Cole,* of Houston, and *Robt. A. Sowder,* of Lubbock, filed briefs as amicus curiae.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This case involves a question of usury. On April 11, 1923, defendant in error, Mrs. Elizabeth Rowley, borrowed the sum of $5000 from the Texas Farm Mortgage Company, a corporation created under the laws of the State of Texas, and having its principal office at Dallas, Texas. She executed therefor one principal note for $5000, payable January 1, 1934. The interest upon this note was 6 per cent, represented by coupons in the sum of $300 each, payable annually. A deed of trust upon certain lands in Denton County was executed to secure the payment of this indebtedness. At the same time she executed another note in favor of Texas Farm Mortgage Company at Dallas, in the sum of $804.17, payable at Dallas, Texas, in annual installments of $54.17. This note was for an additional 1 1/2 per cent interest on the $5000. A second deed of trust upon the same lands was given to secure this note. On May 8, 1923, Texas Farm Mortgage Company assigned the principal note of $5000 to the Travelers Insurance Company, together with the interest coupons attached and the lien securing same.

This suit was instituted June 30, 1934, by Mrs. Rowley and others against Travelers Insurance Company and Texas Farm Mortgage Company. The purpose was to have the transaction declared usurious, and to have interest payments, both upon the principal note and the second interest note, applied as payments on the principal note of $5000 in the hands of the Travelers Insurance Company; and to have the deed of trust lien extinguished, by payment on the part of plaintiffs of any balance found to be due on the principal note. Defendant Travelers Insurance Company contested the claim of usury, denied the right of offset of interest payments made to the Texas Farm Mortgage Company, and filed cross action seeking to foreclose its lien for the balance due on the debt, as well as for items of taxes paid by it under provisions of the deed of trust. The judgment in the district court was in favor of plaintiff, Mrs. Elizabeth Rowley, on the claim of usury and on the

claim for offset of interest payments made to the Texas Farm Mortgage Company. This judgment to some extent was reformed by the Court of Civil Appeals. 98 S. W. (2d) 854. Writ of error was granted on an assignment that the Court of Civil Appeals erred in allowing credits against the principal note in the hands of the Travelers Insurance Company for interest payments made to the Texas Farm Mortgage Company.

The Court of Civil Appeals held the loan transaction usurious because of certain provisions in the original deed of trust pertaining to payment of taxes on the notes representing the loan. We have reached the conclusion that this holding of the Court of Civil Appeals must be affirmed, and this makes it unnecessary to discuss the other provisions of the contract.

The deed of trust securing the principal note and its interest coupons contained the following provision:

"It is understood and agreed, that the party of the first part will promptly pay, as the same fall due or become payable, all State, County, Municipal and local taxes, assessments and charges that are now or may become a lien upon the property described herein; *all state, County, Municipal and local taxes, assessments and charges now or hereafter laid or charged upon or against the promissory notes herein mentioned in this Trust Deed, or the indebtedness secured thereby, at the place where the land hereinabove described is situated, the owner of said debt not then being a resident of the county or municipality in which said land is situated;* all inheritance and other Governmental taxes, of any kind, whether Federal or State, and all other legal charges that may be assessed against the property herein described or charged against the party of the first part or their assigns, and that for non-payment might become a charge or lien against the land herein described; and in default thereof the owner of the debt may, at his option, pay said taxes, assessments or charges, or any part thereof, and such sums so paid shall become an additional part of the debt secured hereby, bear the contract rate of interest, be payable upon demand and be secured by the lien of this Trust Deed upon the land herein described, and by subrogation by all the rights, liens, remedies, equities, superior title and benefits held, owned, possessed and enjoyed at any time by any owner or holder of any of said taxes, assessments or charges so paid." (Emphasis ours)

■ Said principal note of $5000 was made payable to Texas Farm Mortgage Company at Dallas, Texas. It was promptly

assigned to the Travelers Insurance Company, a corporation created under the laws of Connecticut, and which had its principal office and place of business in Hartford, Connecticut. It was transmitted to Hartford, Connecticut, at the time of this assignment and was still there at the date of the trial. Travelers Insurance Company has its Texas place of business in Dallas, Texas. The evidence is silent upon the question of whether or not Texas Farm Mortgage Company or Travelers Insurance Company ever contemplated establishing an office in Denton County, Texas, for transaction of business. Because of these facts it is strongly urged that under the Constitution and laws of Texas there is not a suggestion of a contingency that the note might ever be subjected to taxes in Denton County. We fully recognize the force of this argument. However, in our opinion the question has been foreclosed by the Supreme Court in the recent case of Kansas City Life Ins. Co. v. Duvall, 129 Texas, 287, 104 S. W. (2d) 11, and that case controls this one. In that case the provision with reference to taxes was as follows:

"It is specially agreed that if any tax or assessment shall be imposed within the State of Texas upon said bond, or upon the interest of the said Trustee or his successor, or of any holder of said bond, in said premises, or upon the lien of this instrument, or said lien or interest shall be declared to be real estate, and shall as such or otherwise be so taxed or assessed, while said bond or lien is the property of a non-resident of the State of Texas, then the grantor, heirs, legal representatives or assigns shall at once discharge said tax or assessment and neither the said holder of said bond or said Trustee nor his successors shall be liable therefor."

It was held that such provision in the contract created a contingency which made the loan usurious from its beginning. The Court first stated that "the question presented is not whether a contract is usurious merely because some contingency could happen under which an unlawful exaction of interest might become possible, regardless of how remote the happening of such contingency might be, and regardless of whether such happening was reasonably in the contemplation of the parties when they made the loan contract." The Court then proceeded to state the correct test and in doing so said:

"The happening of the contingency here under consideration depends upon nothing more remote than *that a nonresident*

*assignee may establish for the bonds a tax situs in this state.* That such a contingency might happen can hardly be said to be so remote as not to have been contemplated by the parties when the contract was made. It is not dependent for its happening upon new legislation or a change in the law that might be made in the future. Its happening was a present possibility of such moment at the time the contract was made that the tax provision was incorporated therein. Its stipulation with respect to whom the burden of payment would rest upon in case the bonds became the property of a nonresident was considered in making the contract, and the exactions provided in connection therewith on behalf of the creditor were clearly within the contemplation of the parties." (Emphasis ours)

We can see no distinction between a contingency that a nonresident assignee may establish for a note a tax situs in the State of Texas and a contingency that such owner may establish for the note in question a tax situs in Denton County, Texas. One contingency is no more remote than the other. There is no sound distinction at all between the provisions in the two deeds of trust.

But it is further strongly insisted that there was lack of proof that in the year 1923, when the loan was made, the taxes which could have been assessed against the note, according to the rates then prevailing in Denton County, when added to the interest contracted to be paid, would have exceeded a rate of 10 per cent upon the indebtedness. The record shows that it was proven that for the year 1933 the rates for State, county, school and road purposes in Denton County, where the land was situated, were such that upon the face value of the note the taxes would have amounted to such sum that when added to the interest provided for in the loan the interest rate would have exceeded 10 per cent. We think the decision above mentioned has again decided the question thus urged. It was there held that because of the tax provision in the contract, if the contingency arose in the future by which the tax might be paid would cause the rate to exceed 10 per cent, then the contract was "potentially usurious" from the beginning. Under that holding we think the proof here offered was sufficient.

■ The Court of Civil Appeals on the question of application of payment refused to follow the case of Hamilton v. Bill, 90 S. W. (2d) 929, and gave credit in favor of Mrs. Rowley upon the principal note held by the Travelers Insurance Company for payments made to the Texas Farm Mortgage Com-

pany on the second interest notes. In the recent case of Temple Trust Company v. Murfee, 133 Texas 53, 126 S. W. (2d) 643, the Court, after careful consideration, reaffirmed the holding in the case of Hamilton v. Bill, supra, and pointed out that it had been followed by numerous other decisions. The Court of Civil Appeals and the trial court therefore erred in allowing Mrs. Rowley credit for the interest payments made to the Texas Farm Mortgage Company.

No complaint is made against the action of the Court of Civil Appeal in allowing interest upon the taxes advanced by Travelers Insurance Company for the years mentioned in the opinion.

The judgments of the Court of Civil Appeals and of the trial court are reversed, and the cause is remanded with instructions that the trial court enter judgment in favor of Travelers Insurance Company for the balance due upon the principal of its note, less all payments made on said principal, and less all payments of interest received by said Travelers Insurance Company thereon, but not such interest payments as were made to the Texas Farm Mortgage Company on the second lien interest notes; and also in favor of said Company for all taxes advanced by it upon the lands in question, with interest thereon from the dates same were advanced at the rate allowed by the Court of Civil Appeals, plus attorney's fees upon the balance of the principal of the note, after allowance of the credits as above indicated, with foreclosure of its lien.

Opinion adopted by the Supreme Court May 10, 1939.

Rehearing overruled June 21, 1939.