## COLE v. FRANKLIN LIFE INS. CO.
### No. 9223.

Circuit Court of Appeals, Fifth Circuit.
Dec. 13, 1939.

As Corrected on Denial of Rehearing
Jan. 24, 1940.

Geo. M. Hopkins, of Denton, Tex., for appellants.

Jesse F. Holt, of Sherman, Tex., and E. A. Coker, of Dallas, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

When appellant was here before,[1] she was appealing from a judgment which, upon findings, fully supported by evidence, denying her defense of homestead and usury, had awarded appellee the title to the land in controversy.

On that appeal, her main contention was that the sale under power, at which appellee had bought, was invalid, because made within the time within which an administration upon the estate of her decedent, could be taken out, and appellee's sale under its deed of trust and the title based on it, had fallen upon the taking out by her, of an administration. On this appeal, from a judgment establishing appellee's debt and ordering foreclosure of its lien, appellant's two contentions are: (1) that, there was usury in the debt, and she should have had the principal sum abated by the interest payments made; and (2) that, because of the pendency of a suit she had instituted in the state court, while her former appeal was pending, the Federal Court was without jurisdiction to entertain this suit for debt and foreclosure, filed after appellee had presented its claim to her as administratrix, and the claim as presented, had been disallowed. On the usury point, it is not, it could not be claimed, that appellant in any year, actually paid more than 10% interest, for, the loan was made on a 7% basis, and no more than 7% was paid on it in any year. The claim is that the notes were potentially usurious, because first, of the acceleration provisions in the deeds of trust, in view of the form the loan papers took,[2] and second, because of the provision in the first deed of trust, for the payment of taxes, if any should be imposed on the note or lien.[3]

The first point made against the notes is then, the one which, since Deming Investment Company v. Giddens, 120 Tex. 9, 30 S.W.2d 287, and Shropshire v. Commerce Farm Credit Company, 120 Tex. 400, 30 S.W.2d 282, 39 S.W.2d 11, 84 A.L.R. 1269, has so much engaged the courts of Texas, and to some extent, our court.[4]

Appellant, invoking the Shropshire and Deming cases, supra, and the long line of cases which have followed in their train, insists that here is a typical case of usury by acceleration. Appellee, on its part, pointing to the provision in the second deed of trust,[5] that in case of ac-

---

[1] 5 Cir., 93 F.2d 620.

[2] There was a principal note for $9,000, due ten years after date, drawing interest at 5½% per annum, payable annually, and secured by a first deed of trust. In addition, there were ten interest coupon notes drawing interest on each maturity and secured by a second deed of trust. These notes cover 1½% of the agreed interest, which added to the 5½% called for in the principal note, made up the agreed 7% interest, both deeds of trust containing provisions for acceleration of maturity for failure to pay any note or installment of interest thereon.

[3] "If any taxes or assessments shall be imposed in the State of Texas upon said note, or upon the interest of the third party or its successors or assigns in said premises, or upon the lien of this instrument, or the said lien or interest shall be declared to be real estate and shall, as such or otherwise be so taxed or assessed, while said note, lien or interest is the property of said third party, or other non-resident of the State of Texas,

then the grantors, their heirs or personal representatives, shall at once discharge said tax or assessment, and neither the said third party, nor its successors or assigns, shall be liable therefor.

[4] Norristown-Penn Trust Co. v. Cole, 5 Cir., 80 F.2d 888, and cases there cited.

[5] "Payments made prior to maturity on the principal bond or note secured by said First Deed of Trust shall not entitle the notes secured hereby to any reduction, but, it is agreed, and understood that if said principal bond or note is matured by the holder thereof, on account of default in the payment of any installment of interest thereon, or the non-performance of the stipulations, conditions contained in said deed of trust, or if matured by operation of law, said notes shall be cancelled to the extent that the total thereof, together with interest on said principal bond or note at the rate therein provided to the date matured, shall exceed an interest charge of 10% per annum on said principal bond

celerated maturity, all interest notes shall be cancelled, to the extent that their total together with interest on the principal sum, exceeds 10%, and planting itself squarely on Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.2d 935–937, and the long line of following cases, construing and clarifying, Shropshire and Giddens,[6] insists that under no possible circumstances could acceleration for non-payment of interest produce usury here. Appellee is right. The two deeds of trust and all the loan papers taken together, make it quite clear that there is no taint of usury in the loan, because of its provisions for acceleration for nonpayment of interest.

Upon her other point, that the provision for the payment of taxes imposed upon the note or lien, makes the contract usurious, appellant cites two Supreme Court cases, Duvall v. Kansas City Life Ins. Co., Tex. Civ.App., 96 S.W.2d 793, affirmed Kansas City Life Ins. Co. v. Duvall, 129 Tex. 287, 104 S.W.2d 11 and Travelers' Ins. Co. v. Rowley, Tex.Com.App., 128 S.W.2d 20.

Both, dealing with a deed of trust provision for payment by the borrower of any taxes which might be imposed upon the note or lien, while held by a nonresident of the State of Texas, hold that this will be regarded as a stipulation for additional interest upon the contingency named, and though no taxes were ever actually assessed on the note or lien, will condemn the contract as potentially usurious, if proof as to the applicable tax rate shows, that if the note or lien had been assessed for taxes, the amount thereof, added to the interest charges, would aggregate more than 10%.

Appellee seeks to distinguish those cases. As to the Rowley case, it points out that there, the contract provided against taxes on the note or lien which might be levied in the county where the land lay, while here, the contract fixes no place at all, for the applicable tax rate, the notes are payable in Ft. Worth, and not in Denton, and the proof appellant sought to make, was of tax rates in Denton.

As to the Duvall case, conceding, that the language of the tax provision was general, as it is here, with no place fixed for the

application of a tax rate, and that it is authority for the general principle, that potential usury may be shown by proof, that the applicable tax rate, if applied to note and lien, will produce a charge which, together with the interest, exceeds 10% per annum, appellee points out that there the proof was of the tax rate in Dallas where the loan was made and the original lender lived, and the Court of Civil Appeals held that the lender could not complain of proof of the applicable tax rate there.

Finally, however, appellee insists that the claim must be rejected, because the defense was not sufficiently pleaded and because, there was no admissible evidence in support of it.

■ This being a Texas case, we are, of course, obliged to follow and give effect to the law of usury as the Supreme Court of Texas has declared it. That court saying [128 S.W.2d 22]: "We can see no distinction between a contingency that a nonresident assignee may establish for a note a tax situs in the State of Texas and a contingency that such owner may establish for the note in question a tax situs in Denton County, Texas. One contingency is no more remote than the other", has declared in the Rowley case that there is no sound distinction at all between the provisions in the deeds of trust in the Rowley and Duvall cases.

■ We are, therefore, obliged to reject as unsound, the distinction appellee seeks to draw between the terms of the tax provision here, and those in the Rowley case, for the provision in question here is the same as that in the Duvall case. And if appellant had made proof here, as was done in Duvall's case, that the tax rate applicable at the place of its payment, would have, if applied to the note and lien, produced a sum which, added to the stipulated interest, would aggregate more than 10%, we would have been obliged, under the authority of that case, to hold the note usurious. But, appellant did not attempt to offer proof of the tax rate in Dallas County where the note was payable. She undertook instead, to make proof of the tax rate in Denton County, and as to that she offered no evi-

or note from the date thereof, and the amount of said notes not so cancelled shall at once become due and payable."

6 American Nat. Ins. Co. v. Schenck, Tex.Civ.App., 85 S.W.2d 833; Braniff Inv. Co. v. Robertson, 124 Tex. 524, 81 S.W.2d 45, 100 A.L.R. 1421; Anderson v. Hirsch, Tex.Civ.App., 112 S.W. 2d 535; Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722; Reynolds Mtg. Co. v. Thomas, 124 Tex. 570, 81 S.W.2d 52, 53; Temple Trust Co. v. Stubbs, Tex.Civ.App., 85 S.W.2d 817.

dence, but merely ex parte statements of tax officers, to which appellant promptly and properly objected.

We therefore, think it plain that, the District Judge was right, upon the record before him, in finding and holding that no proof of usury was made out.

There remains for consideration, appellant's last contention, that there was error in overruling her plea in abatement, that the District Court, from which this appeal comes, was without jurisdiction because of her pending suit in the state court.

The facts as to the filing of appellee's suits in the Federal Court and appellant's in the State Court, are these.

After appellee had obtained its judgment in the Federal Court, in a suit filed by appellant against it in the State Court and removed by appellee to the Federal Court, and while appellant's appeal from the judgment in that case was pending here on appeal, appellant re-filed her suit in the State Court.

In that suit just as she had done in the former filing, she attacked appellee's deed as invalid and sought cancellation of its note and lien. But she in no manner advised the State Court of the jurisdiction which had already attached in the Federal Court and of the fact that her appeal was pending undetermined here. Neither, though having obtained service on appellee in her former suit she knew how to serve it, did she advise appellee or its counsel, that she had re-filed her suit in the State Court. But, proceeding against appellee, in complete disregard of the Federal jurisdiction already obtaining, not by personal service or notice, but upon service by publication, upon an affidavit that appellee's residence was unknown, appellant on June 27, 1936, obtained a judgment, cancelling appellee's deed and awarding her the property, free of appellee's claim.

Upon the reversal by this court[7] on December 17, 1937, of the Federal Court judgment, appellee knowing nothing of appellant's State Court suit, duly presented its claim to appellant as administratrix as he was required to do, and upon its rejection, filed this suit under Articles 3522, 3523, Texas Statutes, Vernon's Ann.Civ.St.Tex. arts. 3522, 3523, on the rejected claim. It was confronted then, for the first time with a plea in abatement and the information that appellant had re-filed her suit against it, in the State Court with service by publication, and that a judgment entered without notice to it, had been obtained there, cancelling its note and lien, and all of its claim to the property in question. Thereafter, the judgment in the State Court having been set aside on appellee's motion and appellant's plea in abatement having been overruled appellee proceeded with the suit, from the judgment in which this appeal comes.

We think the court below rightly overruled the plea. The pendency of an action in a State Court is no bar to proceedings concerning the same matter in a Federal Court having jurisdiction. McClellan v. Carland, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762. But, there is a comity, which in regard to suits in rem, and quasi in rem, operates normally and ordinarily to prevent the Federal Court from exercising jurisdiction over a res, already within the jurisdiction of a State Court. Bryan v. Speakman, 5 Cir., 53 F.2d 463; Lion Bonding Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; In re White Star Refining Co., 5 Cir., 74 F.2d 269. Cf. Harkin v. Brundage, 276 U.S. 36, 55, 48 S.Ct. 268, 72 L.Ed. 457; First National Bank of Memphis v. Horuff, 5 Cir., 65 F. 2d 318. That principle, however, does not apply here, for the re-filing of the suit, and proceeding to judgment in the State Court, after removal of the first suit to, and its pendency in, the Federal Court, was in direct disregard of the comity due to the Federal Court because of the pendency here of the appeal from its judgment in the same matters. The case, indeed, comes directly within Harkin v. Brundage, supra. There the court said [276 U.S. 55, 48 S.Ct. 275, 72 L.Ed. 457]: "In this country, in which in every state we have courts of concurrent jurisdiction under the federal and the state authority, it is of the highest importance that conflict of jurisdiction should be avoided. It can only be avoided by forbearance and comity, and by enforcing upon the parties and counsel engaged the utmost good faith and the fullest disclosure in one jurisdiction with reference to what are the exact facts relevant to litigation in a corresponding case in the other." Saying so it directed the dismissal of the Federal Court suit, though it had been first filed, because of the failure of counsel to fairly disclose the real situation. While in the Horuff case, we supported the

---

action of the Federal Court in not taking jurisdiction because the suit had been filed without making complete disclosure. Without regard then, to whether, as appellee contends, the suit in the state court after appellee's deed was cancelled by the former decision of this court, was not an action in rem of which that court had prior jurisdiction, but was an attempt to maintain there a proceeding over which the probate court alone had jurisdiction, or at best was a mere suit in personam, we sustain the jurisdiction of the Federal Court. We do this on the ground that, comity did not require the Federal Court to decline jurisdiction in deference to the refiled State Court suit, because, it was refiled after the first filed suit had been removed to the Federal Court and an adverse judgment had been entered there, from which she had taken an appeal, and this refiling was without notice or knowledge to appellee or its counsel, or service except by publication, and without advising the State Court of the pending Federal Court suit.

We find no error in the judgment. It is affirmed.