### MULLICAN v. TEXAS LAND & MORTGAGE CO., Limited.

#### No. 9710.

Circuit Court of Appeals, Fifth Circuit.

Feb. 19, 1941.

Rehearing Overruled March 21, 1941.
See 118 F.2d 560.

W. W. Campbell, of Lubbock, Tex., for appellant.

E. L. Klett, of Lubbock, Tex., and Rosser J. Coke, of Dallas, Tex., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Lon Alexander Mullican as a debtor obtained on May 20, 1935, an order of the referee approving and confirming a plan of extension of his debts. He has fully performed his undertakings therein except the last item: "On the first day of December, 1939, that he pay the full balance of said debt remaining due said creditor." The debt referred to is a note for $30,000 to Texas Land & Mortgage Co., Ltd., secured by a deed of trust on land, on which sums were to be paid and were paid each year previous to 1939. The referee's order does not fix the amount of the debt or balance, nor does the proposal for extension. The schedule filed with the petition for relief puts the debt at $26,495. A proof of claim was filed by the Texas Land & Mortgage Company in which the principal was stated to be $26,495, but interest and attorney's fees were claimed so as to run the amount to $38,829. No contest over this proof of claim appears to have been made, nor is there any order allowing it.

On Nov. 25, 1939, the debtor filed with the referee a petition stating that he had done all he had promised except to pay the balance due Texas Land & Mortgage Company, that the debt due it was usurious, and no interest was owing under Texas law, but all payments were to be credited on principal, and he asked that the true balance be ascertained, that he might pay it. The referee set a hearing on the petition as one "to reexamine, allow, and adjust the claim and to determine the amount due thereon." The creditor counter-attacked with a petition to the judge that the proceeding before the referee be stayed and dismissed because the court's jurisdiction over the case came to an end with the approval of the extension; that the questions about usury should be heard in a plenary suit with a jury trial; and that in any event the judge and

not the referee hear the case. The judge stayed the referee's hand, and after a hearing sustained the motion to dismiss the petition to the referee, and denied all relief to the debtor. No evidence was heard and the judgment states no reasons. The question of usury was not tried and we suppose the judgment means that on the face of the record the court of bankruptcy has now no jurisdiction over the contentions between the debtor and his creditor. Appellee defends the judgment mainly on the ground that confirmation of the extension agreement ended the bankruptcy proceeding, and if not, the debtor is estopped by the allowance of the proof of claim and by the enjoyment of the extension.

The many decisions holding that the confirmation of a composition in ordinary bankruptcy with delivery of the consideration by the bankrupt ends the proceeding are not in point here. What controls is Section 74, sub. j of the Bankruptcy Act, formerly 11 U.S.C.A. § 202, sub. j: "Upon the confirmation of a composition the consideration shall be distributed as the court shall direct, and the case dismissed * * * Upon the confirmation of an extension proposal the court may dismiss the proceeding or retain jurisdiction of the debtor and his property during the period of the extension in order to protect and preserve the estate and enforce the terms of the extension proposal." This is an extension proposal, for the debts including appellee's, which were not at once settled in full, were merely extended in time for ultimate payment in full. The court, meaning in this case the referee, after confirming the extension proposal could have dismissed the case, but did not. The order of confirmation said nothing about dismissal, but ended with an injunction restraining the creditors from enforcing their liens against the property and a direction "that the debtor may retain the possession there-

of, subject to the further orders of this court." This was not a final disposition of the case. Further orders were contemplated. None had been made when the petition in contest was filed. The extension proceeding was still in court.

The court had jurisdiction to reexamine the proof of claim. The amount of it, alleged in the original petition to be $26,495, and asserted in the proof to be $38,829, had never been settled. There had been no contest and no formal allowance. The showing that the claim was free of usury under Texas law which is expressly required by Section 74, sub. g, 11 U.S.C.A. § 202, sub. g, had not been made. In the provisions substituted for Section 74 by the Chandler Act, Chapter XI, § 369, 11 U.S.C.A. § 769, we read: "The court shall in any event retain jurisdiction until the final allowance or disallowance of all debts, affected by the arrangement * * * which—(1) have been proved, but not allowed or disallowed, prior to the date of confirmation." This would seem a necessary implication under Section 74. We think the court had jurisdiction and the duty to investigate what the true balance on this debt is. Usury is a thing which may greatly affect that balance. It may be enquired into by the summary methods used in bankruptcy proceedings.

The question of usury has in this case never been raised and decided, and is not res judicata, as it was held to be in Armstrong v. Alliance Trust Co., 5 Cir., 112 F.2d 114. Whether there is in fact any usury, or whether there is some sort of estoppel on the debtor because he made his proposal for extension without raising the question, and has now enjoyed the benefit of it, are matters which may be tried out hereafter on the merits. The petition to fix the balance due ought not to have been dismissed without a trial. For this error the judgment is reversed.