**TEXAS LAND & MORTG. CO., Limited, v. MULLICAN.**

No. 10344.

Circuit Court of Appeals, Fifth Circuit.

Dec. 14, 1942.

Rehearing Denied Jan. 11, 1943.

Charles L. Black, of Austin, Tex, and E. L. Klett, of Lubbock, Tex., for appellant.

W. W. Campbell, of Lubbock, Tex., for appellee.

Before HOLMES and McCORD, Circuit Judges, and DAWKINS, District Judge.

McCORD, Circuit Judge.

On the former appeal we held that the question of usury and the determination of the balance due by the debtor on the loan should have been determined by the court after a hearing. Mullican v. Texas Land & Mortgage Co., 5 Cir., 117 F.2d 576; Id.,

242

5 Cir., 118 F.2d 560. After the mandate went down, the referee heard the evidence and found the claim of the creditor to be tainted with usury; that the amounts paid to the creditor as interest should be credited as payments on the principal; and that the interest payments aggregated more than the principal obligation and were sufficient to discharge and satisfy the debt in full. Accordingly, the referee disallowed the claim of the creditor, and cancelled the deed of trust given as security for the debt. After a hearing on the creditor's petition for review, the court rendered an opinion and entered judgment sustaining and confirming the order of the referee. Texas Land and Mortgage Company, Limited, appealed.

In 1922 Lon Alexander Mullican negotiated a loan and delivered his promissory notes for $38,000 to Texas Land and Mortgage Company, Limited. The notes were secured by deed of trust covering certain lands in Texas. The notes by their terms bore interest at the rate of 8% per annum, and the deed of trust obligated the debtor to "pay taxes and assessments now due, or which may become due, on said premises or chargeable against such promissory notes or this Deed of Trust * * * It Is Hereby Specially Agreed, Between the parties, that the legal holder or holders of said notes may pay all taxes and assessments of whatever nature that may from time to time fall due and be unpaid on said premises, or chargeable against said Promissory Notes or this Deed of Trust and charge such payments, with interest at the rate of ten per cent from the date thereof, against said premises. * * * "

The evidence shows that the mortgage company had its office in Dallas, Texas; that the loan contract was entered into in Texas; and that the deed of trust covered property situated in Texas. It was established that on each one hundred dollars of valuation the tax levies in 1922 amounted to a total of $4.09, made up as follows: City of Dallas, $2.40, State of Texas, $.75, County of Dallas, $.94. A similar rate of taxation with slight variation, prevailed for the years 1923, 1924, 1930, and 1931. Levies for other years during the life of the loan were slightly less, but for all years in question the potential tax on the notes plus the stipulated interest of 8% per annum amounted to more than 10%, the maximum annual interest allowed by the Constitution and laws of the State of Texas. Art. 16, Sec. 11, Constitution of the State of Texas, Vernon's Ann.St.; Art. 5071, Texas R.S.

It is virtually conceded that the taxing officials systematically valued property in Dallas at 50% of its value for tax purposes. Upon the basis of such undervaluation and the established schedule of tax levies, the total burden of stipulated interest plus taxes exceeded the 10% maximum allowed by Texas law during five years of the loan period.

The creditor could have received both the principal and interest before expiration of the loan contract period, but insisted and demanded that an additional "bonus" payment of $1,000.00 be paid if the loan was repaid before expiration of the contract period. From the record it is apparent that at all times here material the security for the loan exceeded the debt, and that for tax levy purposes the notes were worth full face value.

Under Texas law, if the taxes that might be lawfully levied and charged to the debtor under the tax clause of the deed of trust, plus the stipulated interest, aggregate more than ten per cent per annum on the indebtedness, the contract is usurious and void as to interest. Art. 5071, Texas R.S.; Travelers Ins. Co. v. Rowley, 133 Tex. 372, 128 S.W.2d 20; Robertson v. Connecticut General Life Ins. Co., 134 Tex. 588, 137 S.W.2d 760; Cole v. Franklin Life Ins. Co., 5 Cir., 108 F.2d 130; John Hancock Mut. Life Ins. Co. v. Davis, Tex. Civ.App., 163 S.W.2d 433. If the contract is void as to interest because of usury, the amounts paid on account of interest may properly be credited to discharge the principal amount of the debt. Atwood v. Deming Inv. Co., 5 Cir., 55 F.2d 180, 183; 42 Tex.Jur.Usury § 55, p. 949.

The debtor proved the applicable tax rate, the value of the notes, and the standard of valuation of property for tax purposes; and established that the loan contract provided, actually or potentially, for payment of more than ten per cent per annum for several of the years in question. He fully discharged the burden of showing that the contract was usurious under the Texas statute as construed by the courts of that State. The Texas usury law may appear to be strict in application, but so the law is written, and we are bound by it. Commerce Trust Co. v. Ramp, Tex.Civ. App., 116 S.W.2d 1144, affirmed 135 Tex. 84, 138 S.W.2d 531, 533; Shropshire v. Commerce Farm Credit Co., 120 Tex. 400,

39 S.W.2d 11, 84 A.L.R. 1269; National Loan & Investment Co. v. Stone, Tex.Civ. App., 46 S.W. 67; Galveston & Houston Investment Co. v. Grymes, 94 Tex. 609, 63 S.W. 860, 64 S.W. 778; Atwood v. Deming Inv. Co., 5 Cir., 55 F.2d 180; Cole v. Franklin Life Ins. Co., 5 Cir., 108 F.2d 130, 132.

The payments made by the debtor on account of interest were properly applied to extinguish the principal obligation.

The judgment is affirmed.